IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00576 SOM |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING MAGISTRATE |
| | ) | JUDGE'S ORDER GRANTING THE |
| vs. | ) | UNITED STATES' RENEWED MOTION |
| | ) | FOR CONTINUANCE AND MOTION |
| MORDECHAI ORIAN (01), | ) | FOR ORDER REGARDING |
| | ) | PROTECTION OF DEFENDANT |
| Defendant. | ) | ORIAN'S ASSERTED ATTORNEY- |
| _____ | ) | CLIENT PRIVILEGE |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING
THE UNITED STATES' RENEWED MOTION FOR CONTINUANCE
AND MOTION FOR ORDER REGARDING PROTECTION OF
DEFENDANT ORIAN'S ASSERTED ATTORNEY-CLIENT PRIVILEGE

The court has before it Defendant Mordechai Orian's appeal from Magistrate Judge Richard Puglisi's Order Granting the United States' Renewed Motion for Continuance and Motion for Order Regarding Protection of Defendant Orian's Asserted Attorney-Client Privilege. Finding no clear error in the Magistrate Judge's order, this court affirms the Magistrate Judge.

The Magistrate Judge has set forth the facts relevant to his ruling in a detailed and careful order. The court adopts the Magistrate Judge's factual findings.

In summary, in this forced labor case, the Government sought a continuance of the trial on the ground that it needed more time to review the large amount of material it obtained when, pursuant to a search warrant, it seized Orian's computers. The Government also sought an order permitting it to produce

Orian's documents to co-Defendants without having screened them to identify documents protected from discovery by Orian's attorney-client privilege.  The Magistrate Judge continued the trial for six months, noting that Defendants were not in custody.  The Magistrate Judge also approved a process for the Government's disclosure of Orian's documents (including documents covered by the attorney-client privilege) to co-Defendants.  The Magistrate Judge ruled that the Government's disclosure of Orian's documents would not constitute a waiver by Orian of the attorney-client privilege or work product doctrine.  Requiring the Government to have documents reviewed by a "taint team" that was separate from the prosecution team, the Magistrate Judge ordered that the Government have the "taint team" review a limited number of potentially privileged files, following a procedure that the Government was to detail to other parties.  The Government's limited review was to act as the basis on which the Government identified privileged documents throughout the materials it had seized from Orian.

        The Magistrate Judge's order is a nondispositive pretrial order that falls squarely within what Congress empowered magistrate judges to do.  See 28 U.S.C. § 636(b)(1)(A).  The Federal Rules of Criminal Procedure reflect this statutory authority, with Rule 59(a) providing that a district judge may refer to a magistrate judge for determination "any matter that

does not dispose of a charge or defense." Such motions are customarily referred to magistrate judges in this district. <u>See</u> Local Crim. Rule LR57.3(a).

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by the district court only if it is "clearly erroneous or contrary to law." The threshold of the "clearly erroneous" test is high. <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); <u>Thorp v. Kepoo</u>, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

Far from involving clear error or anything contrary to law, the Magistrate Judge's order is a well-reasoned, thoughtful, and articulate explanation of why the trial continuance was justified and why the discovery procedures were practical and efficient while still protecting Orian's rights. This court affirms the Magistrate Judge for the reasons stated in his order and adopts the order without modification. This is by no means an unthinking rubber stamp. In the numerous proceedings this judge has presided over in this case, this judge has been repeatedly made aware of the volume of documents in issue. Some

means of making review of this material manageable is essential. The Magistrate Judge has set forth one such means that is reasonable.  There may well be other reasonable methods.  Indeed, there may well be arguably better methods.  But this judge, applying the rule that governs appeals such as this one, identifies no clear error and nothing contrary to law.

  IT IS SO ORDERED.

  DATED: Honolulu, Hawaii, January 25, 2012.



  /s/ Susan Oki Mollway
  Susan Oki Mollway
  Chief United States District Judge

United States of America v. Mordechai Orian; CR. NO. 10-00576 SOM; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING THE UNITED STATES' RENEWED MOTION FOR CONTINUANCE AND MOTION FOR ORDER REGARDING PROTECTION OF DEFENDANT ORIAN'S ASSERTED ATTORNEY-CLIENT PRIVILEGE